FILED
September 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003798732

C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph: 916.440.6666
Fax: 916.254.6666
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**SAID MOAIN AMIN and<br>FATANA RAHMANI AMIN,**<br><br>Debtors. | Case No. 11-43114-A-7<br>Chapter 7<br>Docket Control No.: CAH-001<br><br>Judge: Michael S. McManus<br>Date: 11/07/2011<br>Time: 10:00 AM<br>Place: 501 I Street, 6th Floor<br>Sacramento, CA 95814<br>Department A– Courtroom 28<br><br>Trustee: Lewis D. Partridge<br><br>**MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS AND PHYSICAL ASSETS** |

SAID MOAIN AMIN and FATANA RAHMANI AMIN, the Debtors herein, hereby move this court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. As shown in the filed schedules of this case, the Debtors operate a sole proprietor business, named "Laguna Computers." Said business is located at 9632 Emerald Oak Drive, Elk Grove, CA 95624.

2. The Debtors' tools of the trade, equipment, and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule B (See Exhibit #A attached hereto). The business assets in this case consist of the business,

miscellaneous used construction tools used for remodeling business. The debtors have placed values on these assets in the aggregate total of $3,000.00.

3. As shown in Schedule C (see exhibit #B attached hereto), the Debtors have claimed exemptions totaling $3,300.00 against the values of the BUSINESS ASSETS.

4. In summary

| | | | |
|---|---|---|---|
| A. | Gross value of BUSINESS ASSETS | | $3,000.00 |
| | Miscellaneous Office furniture and equipment used for business | | |
| B. | Liens against the BUSINESS ASSETS | | $0.00 |
| C. | Gross Equity | | $3,000.00 |
| D. | Exemptions claimed on BUSINESS ASSETS | | -$3,000.00 |
| | Miscellaneous Office furniture and equipment used for business | | $3,000.00 |
| | Net value of BUSINESS ASSETS to the estate | | $0.00 |

5. The Debtors asserts that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors. The assets were exempted under C.C.P. 703.104(b)(6) and C.C.P. 703.140(b)(5).

6. The business itself has no net sale value to benefit the bankruptcy estate.

7. The Debtors are aware that, under the provision of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is entitled to shut down the business or abandon the estate's interest in the business.

8. However, the Debtors asserts that , based on the lack of any unexempted equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating or shutting down this business.

9. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted,

Dated: 09/28/2011  By: /s/ C. Anthony Hughes
C. Anthony Hughes

In re: Amin
11-43114